PINILISHALPERN, LLP
160 Morris Street
Morristown, NJ 07960
(973) 401-1111
(973) 401-1114 fax
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUTH TUITE, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., | Hon. Civil Case No. *10 - 6772(SRC)* |
| Plaintiff, | |
| v. | **COMPLAINT** **and** **JURY DEMAND** |
| STATE OF NEW JERSEY, DIVISION OF STATE POLICE OF THE NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, JASON SOWINSKI, a New Jersey State Trooper, IAN ROSENBERG, a New Jersey State Trooper, JOSHUA COPPOLA, a New Jersey State Trooper, JOHN DOE 1-10, and JOHN DOE CORPORATION 1-10, | |
| Defendants. | |

Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., by and through counsel, complains of the Defendants State of New Jersey, Division of State Police of the New Jersey Department of Law and Public Safety, State Trooper Jason Sowinski, State Trooper Ian Rosenberg, State Trooper Joshua Coppola, John Doe 1-10, and John Doe Corporation 1-10, as follows:

1

Safety, served in Troop D, with a principal place of business at P.O. Box 7068, West Trenton, State of New Jersey. He is, at all relevant times, a citizen and resident of New Jersey. He is being sued additionally in his individual capacity.

6.      Upon information and belief, State Trooper Joshua Coppola is an individual who, at all times relevant to the causes of action set forth herein, was an employee of Defendant Division of State Police of the New Jersey Department of Law and Public Safety, served in Troop D, with a principal place of business at P.O. Box 7068, West Trenton, State of New Jersey. He is, at all relevant times, a citizen and resident of New Jersey. He is being sued additionally in his individual capacity.

7.      Defendant John Doe 1-10 and/or John Doe Corporation 1-10 (collectively referred to herein as "John Doe 1-10") is a governmental body and/or public entity, private entity, and/or an individual, male or female, that caused and/or contributed to the death of Robert John Tuite, Jr., whether through an affirmative act and/or an omission under circumstances upon which there was a duty to act, whether such affirmative act and/or omission occurred prior to the death of Robert John Tuite, Jr., simultaneous with the death of Robert John Tuite, Jr., and/or after the death of Robert John Tuite, Jr., including but not limited to causing, contributing, altering and/or hiding the circumstances of the death of Robert John Tuite, Jr. and/or failing to take or report action to prevent the death of Robert John Tuite, Jr. or the circumstances of the death.

## JURISDICTION AND VENUE

8.      Jurisdiction of this Court is invoked pursuant to 28 *U.S.C.* § 1331, inasmuch as the allegations in this matter are derived from 42 *U.S.C.* § 1983. Further, 28 *U.S.C.* § 1343(a) places original jurisdiction in this Court for actions alleging a violation of one's civil rights, including any violation of 42 *U.S.C.* § 1985. This Court has supplemental jurisdiction over causes of action arising under the laws of the State of New Jersey pursuant to 28 *U.S.C.* § 1367.

9.      Venue is properly laid in the District of New Jersey by virtue of 28 *U.S.C.* § 1391(b), as all events and/or omissions giving rise to the claims herein occurred in this district and because the Defendants reside in this district.

## FACTUAL BACKGROUND

10.      Defendant State of New Jersey is legally responsible for the establishment, control, and operation of the New Jersey Division of State Police, New Jersey Department of Public Safety, and for the activities of the troopers, employees, and agents of the Division of State Police.

11.      Defendant New Jersey State Police is responsible for highway enforcement of motor vehicle and criminal laws of the State of New Jersey, for providing police coverage on the roadways of New Jersey including the monitoring and responding to motorists on the New Jersey Turnpike, and for providing other law enforcement services throughout the State including services on the New Jersey Turnpike.

12.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe were employed by Defendant New Jersey State Police and/or Defendant John Doe.

13.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe were on patrol and/or responded to a vehicle owned, controlled and/or operated by Robert John Tuite, Jr. on the New Jersey Turnpike.

14.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe physically restrained and/or arrested Robert John Tuite, Jr. through the use of force.

15.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe, while using force to physically restrain and/or arrest Robert John Tuite, Jr., handcuffed Mr. Tuite's hands behind his back.

16.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe, while using force to physically restrain and/or arrest Robert John Tuite, Jr., caused physical trauma to Mr. Tuite's head and/or chest.

17.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe, while using force to physically restrain and/or arrest Robert John Tuite, Jr., employed force that was unlawful, unreasonable and/or excessive under the circumstances.

18.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe, while using force to physically restrain and/or arrest Robert John Tuite, Jr., employed force that caused physical injury and/or pain to Mr. Tuite.

19.     Upon information and belief, on or about December 29, 2008, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe, while using force to physically restrain and/or arrest Robert John Tuite, Jr., employed force that caused the death of Mr. Tuite.

20.     Upon information and belief, on or about December 29, 2008, when Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe physically restrained and/or arrested Robert John Tuite, Jr., there was no probable cause to arrest Mr. Tuite.

21.     Upon information and belief, on or about December 29, 2008, and after Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe placed Robert John Tuite, Jr. in physical harm and/or distress, Defendants failed to take adequate, reasonable, and/or necessary measures to remove Mr. Tuite from the harm and/or distress that Defendants placed him in, including but not limited to the failure to timely summons and/or provide proper medical care.

22.     At all relevant times, Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe were acting under color of state law of the State of New Jersey and/or acted in their official capacity and while wearing a uniform and/or operating a vehicle identifying themselves as acting under the authority of the State of New Jersey.

23.    At all relevant times, Defendants jointly and/or severally had a policy, custom, usage, and/or practice known by and/or uncontrolled by a decision-maker with final policymaking authority that assisted, condoned and/or otherwise enabled Defendants to act in a manner contrary to law that resulted in the death of Robert John Tuite, Jr.

24.    At all relevant times, Defendants jointly and/or severally engaged themselves in a negligent, grossly negligent, wanton, reckless and/or malicious manner.

25.    Plaintiff served timely notices of claim upon Defendants.

## FIRST COUNT
### (Violation of the New Jersey Civil Rights Act)

26.    Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

27.    In 2004, the State of New Jersey enacted the New Jersey Civil Rights Act ("NJCRA"), *N.J.S.A.* 10:6-1, *et seq*.

28.    The NJCRA, which is analogous but independent to the Federal Civil Rights Act, 42 *U.S.C.* § 1983, creates a cause of action for violating one's rights under the Federal and/or State Constitution, including the prohibition against cruel and unusual punishment.

29.    The NJCRA, and specifically *N.J.S.A.* 10:6-2, provides in pertinent part, "Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of

30.     As set forth herein, Defendants jointly and/or severally engaged in and/or conspired to engage in acts and/or omissions that breached the NJCRA and deprived Robert John Tuite, Jr. of the rights afforded to him under the NJCRA, including but not limited to depriving him of his right to due process under the Fourteenth Amendment, right to be free from cruel and unusual punishment under the Eighth Amendment, even if not yet sentenced, and free from unreasonable seizures under the Fourth Amendment.

31.     Defendants are persons and/or entities covered under the NJCRA.

32.     As a direct and proximate result of the violation of the NJCRA by Defendants individually and/or jointly, Robert John Tuite, Jr. suffered damages including but not limited to the deprivation of his State Constitutional rights, conscious pain and suffering, and death.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)     Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

b)     Punitive damages;

c)     Attorneys' fees and costs, as expressly authorized in *N.J.S.A.* 10:6-2f, and as otherwise authorized by common law and/or statute; and

d)     Such other relief as the Court deems fair and just, including interest and costs of suit.

## SECOND COUNT
### (Negligent Hiring, Training, Supervision, Discipline, Retention, and/or Enforcement of Policies)

33.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

34.     As set forth herein, Defendants enacted policies and procedures that enabled Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe to exercise control and/or authority over Robert John Tuite, Jr., with said control and/or authority resulting in the death of Mr. Tuite.

35.     As set forth herein, Defendants failed to enact policies and procedures and/or failed to implement and/or enforce said policies and procedures, including but not limited to continuing training that could have and/or would have prevented the death of Robert John Tuite, Jr. and/or having stricter discipline.

36.     As set forth herein, Defendants failed to adequately and/or reasonably monitor and/or supervise Defendants, thereby enabling Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe to engage in conduct and/or omit conduct that resulted in the death of Robert John Tuite, Jr.

37.     As set forth herein, with full knowledge that Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe would be vested with the authority and ability to place Robert John Tuite, Jr. in a position that could result in serious bodily injury and/or death, Defendants failed to enact procedures, including adequate mental health evaluations, to identify individuals such as Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe who should not have been hired and/or who should not have been trained in ways to incapacitate members of the public, including Robert John Tuite, Jr.

38.     As set forth herein, upon coming into possession of facts that reasonably should have resulted in additional training, supervision, and/or training, Defendants improperly retained Defendants Jason Sowinski, Ian Rosenberg, Joshua Coppola, and/or John Doe and/or failed to conduct additional training, supervision and/or training and further failed to discipline Defendants Jason Sowinski, Ian Rosenberg, and/or Joshua Coppola.

39.     As set forth herein, Defendants employed a policy, procedure, custom, practice, and/or usage that, among other things, needlessly encouraged employees and/or agents to act with intentional and/or reckless indifference to the rights of persons whom Defendants seize, and/or created an environment in which there would be no fear of penalties for violating one's rights.

40.     As a direct and proximate result of Defendants' negligent failure to properly hire, train, supervise, discipline, and/or retain the remaining Defendants and/or their deliberate indifference, Robert John Tuite, Jr. suffered damages including but not

10

limited to the deprivation of his Federal and State Constitutional rights, conscious pain and suffering, and death.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)      Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

b)      Punitive damages;

c)      Attorneys' fees and costs; and

d)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## THIRD COUNT
### (Violation of the Federal Civil Rights Act, and Conspiracy)

41.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

42.     42 *U.S.C.* § 1983, provides in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"

43.     As set forth herein, Defendants jointly and/or severally, under color of law, engaged in and/or conspired to engage in acts and/or omissions that breached federal law including 42 *U.S.C.* § 1983 and deprived Robert John Tuite, Jr. of the rights afforded to him under 42 *U.S.C.* § 1983, including but not limited to depriving him of his right to due process under the Fourteenth Amendment, right to be free from cruel and unusual punishment under the Eighth Amendment, even if not yet sentenced, and free from unreasonable seizures under the Fourth Amendment.

44.     As set forth herein, Defendants jointly and/or severally witnessed and/or observed one or more of each other violating Mr. Tuite's rights and, though having the ability and having taken an oath to safeguard the public, failed to intervene.

45.     Defendants are persons and/or entities covered under the Federal Civil rights Act.

46.     As a direct and proximate result of the violation of 42 *U.S.C.* § 1983 by Defendants individually and/or jointly, Robert John Tuite, Jr. suffered damages including but not limited to the deprivation of his Federal Constitutional rights, conscious pain and suffering, and death.

47.     The aforementioned conduct of Defendants occurred in concert and in furtherance of a scheme to deprive Mr. Tuite of his right, in violation of 42 *U.S.C.* §§ 1983, 1985.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)   Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

b)   Punitive damages against Defendants Sowinski, Rosenberg, Joshua Coppola, and/or John Doe;

c)   Attorneys' fees and costs, as expressly authorized in 42 *U.S.C.* § 1988(b), and as otherwise authorized by common law and/or statute; and

d)   Such other relief as the Court deems fair and just, including interest and costs of suit.

### FOURTH COUNT
### (Violation of the New Jersey Wrongful Death Act)

48.   Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

49.   At all times pertinent, there was in force and effect in the State of New Jersey a Wrongful Death Statute known and designated as *N.J.S.A.* 2A:31-1, *et seq.*, which provides for compensation for pecuniary losses suffered by survivors of those killed by wrongful acts of another.

50.     Robert John Tuite, Jr. died in the State of New Jersey as a result of Defendants acts and/or omissions.

51.     As set forth herein, Defendants, individually and/or through their respective officers, principals, agents, employees and servants, and while acting within the scope of their authority and/or employment, caused the death of Robert John Tuite, Jr. through their negligence, recklessness and/or carelessness.

52.     As a direct and proximate result of the violation of the New Jersey Wrongful Death Act by Defendants individually and/or jointly, Robert John Tuite, Jr. suffered damages including but not limited to substantial pecuniary losses, medical bills, funeral and burial expenses, and the loss of Robert John Tuite, Jr. and his present and future advice, counsel, guidance services, companionship, love, care, and contribution of monies, as well as the loss of economic qualification of Mr. Tuite's life in the nature of hedonic damages.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)     Damages, including but not limited to pecuniary losses, medical bills, funeral and burial expenses, and the loss of Robert John Tuite, Jr. and his present and future advice, counsel, guidance services, companionship, love, care, and contribution of monies, as well as the loss of economic qualification of Mr. Tuite's life in the nature of hedonic damages, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

14

b)      Punitive damages;

c)      Attorneys' fees and costs; and

d)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## FIFTH COUNT
### (Violation of the New Jersey Survivorship Act)

53.      Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

54.      At all times pertinent hereto, there was and is in effect in the State of New Jersey a Survivorship Statute known and designated as *N.J.S.A.* 2A:15-3, and Plaintiff Ruth Tuite brings this action to the provisions thereof.

55.      Robert John Tuite, Jr. died in the State of New Jersey as a result of Defendants acts and/or omissions and suffered prior to death.

56.      As set forth herein, Defendants, individually and/or through their respective officers, principals, agents, employees and servants, and while acting within the scope of their authority and/or employment, caused the death of Robert John Tuite, Jr. and conscious pain and suffering through their negligence, recklessness and/or carelessness.

57.      As a direct and proximate result of the violation of the New Jersey Survivorship Act by Defendants individually and/or jointly, Robert John Tuite, Jr. suffered damages including but not limited to conscious pain and suffering, loss of enjoyment of life, pecuniary losses, medical bills, funeral and burial expenses, and lost earning capacity.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)      Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

b)      Punitive damages;

c)      Attorneys' fees and costs; and

d)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## SIXTH COUNT
### (Conversion)

58.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

59.     Defendants individuals and/or jointly took property belonging to Plaintiff, including but not limited to the personal effects of Robert John Tuite, Jr., with said taking having presumably been for purposes of medical treatment and/or investigative purposes but with the continued taking no longer being necessary for medical treatment and/or investigative purposes.

60.     Plaintiff has made repeated requests for the return of the personal effects of Robert John Tuite, Jr., including no less than four written requests by counsel.

61.     Defendants continued taking is an unauthorized assumption and exercise of the right of ownership over property belonging to Plaintiff.

62.     Defendants have intentionally and without legal justification continued to exercise unauthorized control over property belonging to Plaintiff with said control being inconsistent with Plaintiff's rights to the property taken, and even after the State of New Jersey, through the Office of the Attorney General, closed their investigation of this matter.

63.     As a direct and proximate result of the unlawful and unauthorized taking of Plaintiff's property by Defendants individually and/or jointly, Plaintiff suffered damages including but not limited to the loss of the use and value of the personal effects of Robert John Tuite, Jr. and the decreased and/or diminished capacity to use those personal effects to further investigate the death of Mr. Tuite.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)     Damages, including but not limited to the pecuniary cost of replacement and/or deprivation, plus interest;

b)     Such other relief as the Court deems fair and just, including interest and costs of suit.

## SEVENTH COUNT
### (Violation of the Federal and/or State Constitution)

64.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

65.     Article 1, paragraph 7 of the State Constitution protects citizens of the State of New Jersey from unreasonable searches and seizures, as does the Fourth Amendment of the United States Constitution.

66.     Defendants conducted an unreasonable search and seizure upon Robert John Tuite, Jr.

67.     Article 1, paragraph 10 of the State Constitution affords citizens of the State of New Jersey due process, as does the Fifth and Fourteenth Amendments of the United States Constitution.

68.     Defendants violated the due process rights of Robert John Tuite, Jr.

69.     Article 1, paragraph 12 of the State Constitution protects citizens of the State of New Jersey from cruel and unusual punishment, as does the Eight Amendment of the United States Constitution.

70.     The punishment inflicted upon Robert John Tuite, Jr. was cruel and unusual.

71.     As a direct and proximate result of the unreasonable search and seizure, due process violation, and/or cruel and unusual punishment by Defendants individually and/or jointly, Plaintiff suffered damages including but not limited to pain and suffering,

economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)      Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

b)      Punitive damages;

c)      Attorneys' fees and costs; and

d)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## EIGHTH COUNT
### (Violation of the New Jersey Tort Claims Act)

72.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

73.     Defendants are persons and/or entities covered under the TCA.

74.     Defendants created a special relationship with Robert John Tuite, Jr. because they created an environment whereby Mr. Tuite relied upon them for protection and/or when they created and/or increased the risk of harm to Mr. Tuite through their acts and/or omissions, and/or failed to intervene.

75.     In addition, *N.J.S.A.* 59:3-1 provides in part that "a public employee is liable for injury caused by his act or omission to the same extent as a private person".

76.     *N.J.S.A.* 59:3-3 assesses liability for false arrest/false imprisonment.

77.     Defendants falsely arrested/imprisoned Defendant, without probable cause.

78.     The TCA provides liability for state-created danger.

79.     With respect to Defendants Sowinski, Rosenberg, Coppola, and/or John Doe, they are individually liable pursuant to *N.J.S.A.* 59:3-14 to the extent that their conduct was outside the scope of their employment or constituted a crime, actual fraud, actual malice or willful misconduct.

80.     Through the death of Mr. Tuite, and related expenses, he satisfies the requirements *N.J.S.A.* 59:9-2.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks:

a)     Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest in conformity with *N.J.S.A.* 59:9-2;

b)     Punitive damages, but not against the public entity Defendants pursuant to *N.J.S.A.* 59:9-2;

c)     Attorneys' fees and costs, as expressly authorized in *N.J.S.A.* 59:9-5, and as otherwise authorized by common law and/or statute; and

d)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## NINTH COUNT
### (Assault and Battery)

81.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

82.     To the extent the death is not deemed proximately caused to the assault and battery committed upon Robert John Tuite, Jr. and therefore merged into the wrongful death and/or survivorship act, Defendants illegally, intentionally, and/or negligently committed an assault and battery upon Mr. Tuite.

83.     Defendants touched and/or struck Mr. Tuite, intentionally, with unlawful force and/or violence.

84.     As a direct and proximate result of the unlawful and unauthorized taking of Plaintiff's property by Defendants individually and/or jointly, Plaintiff suffered damages including but not limited to conscious pain and suffering.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks against Defendants individually, jointly and/or severally:

a)      Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

21

b)      Punitive damages;

c)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## TENTH COUNT
### (Common Law Negligence)

85.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

86.     Defendants owed a duty of care to Robert John Tuite, Jr.

87.     Defendants breached the duty of care owed to Mr. Tuite by detaining and/or arresting Mr. Tuite in a manner that caused Mr. Tuite to experience pain and/or death; failing to provide proper medical care; failing to procure timely medical care; failing to have adequate procedures in place for handling, caring for, detaining and/or arresting Mr. Tuite; and/or failing to otherwise ensuring his safety and well-being while in Defendants' custody, care, and/or control.

88.     As a direct and proximate result of the unlawful and unauthorized taking of Plaintiff's property by Defendants individually and/or jointly, Plaintiff suffered damages including but not limited to pain and suffering, economic damages including but not limited to hospital, medical expenses, income loss, and/or loss of services.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks:

a)      Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical expenses, income loss, and/or loss

of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest; and

b)      Such other relief as the Court deems fair and just, including interest and costs of suit

## ELEVENTH COUNT
### (Abuse of Process)

89.     Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., incorporates by reference the preceding paragraphs.

90.     Defendants improperly and/or illegally resorted to legal process that was neither warranted nor authorized under the law.

91.     Defendants abused process based on an improper ulterior motive, including but not limited to using process as a pretext for disdain towards a motorist whose vehicle stopped in a section of the roadway frowned upon by Defendants and/or because Robert John Tuite, Jr. resisted and/or defended against a deadly show of authority and/or other acted in a manner inconsistent with the demands of the Defendants.

92.     Defendants abused process by effectuating an arrest without probable cause and/or detaining Mr. Tuite without reasonable suspicion.

93.     As a direct and proximate result of the unlawful and unauthorized taking of Plaintiff's property by Defendants individually and/or jointly, Plaintiff suffered damages including but not limited to pain and suffering, economic damages including but not limited to hospital, medical expenses, income loss, and/or loss of services.

WHEREFORE, for the foregoing counts, Plaintiff, Ruth Tuite, as Administrator ad Prosequendum for the Estate of Robert John Tuite, Jr., respectfully seeks:

a)      Damages, including but not limited to pain and suffering, economic damages including but not limited to hospital, medical, funeral expenses, income loss, and/or loss of services, and any other damages set forth herein and/or reasonably inferred from the allegations herein, plus interest;

b)      Punitive damages;

c)      Attorneys' fees and costs; and

d)      Such other relief as the Court deems fair and just, including interest and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by a jury on all issues so triable.

## CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

PINILISHALPERN, LLP
Attorneys for Plaintiff

By: _ s/ *Jeffrey S. Mandel* _
Jeffrey S. Mandel

Dated: **12/27/10**